332

*Gardner v. Village of Chicago Ridge*, 71 Ill.App.2d 373, 219 N.E.2d 147, for example, the dismissal of a complaint was reversed. There the facts alleged were that the plaintiff was beaten by four individuals while supervising a teen club dance. The police later apprehended four suspects on the highway and held them in custody while one police officer returned to the dance hall to request the plaintiff to accompany him and identify them. When the plaintiff arrived, the police allegedly allowed the four suspects to remain in close proximity to him. As a result, the suspects attacked him in the presence of the officers, whereby he sustained severe injuries. The appellate court stated that, although generally a municipality is not liable for failure to prevent the tortious or unlawful acts of others (citing *Adamczyk v. Zambelli*, 25 Ill.App.2d 121, 166 N.E.2d 93), under the alleged circumstances set out above the police owed a duty to the plaintiff to exercise reasonable care for his safety. No such duty existed in the case at bar. On this basis, however, if it were determined that the legislative intent behind sections 4—102 and 4—107 was to codify this previous case law, there might be justification for construing the Immunity Act differently in a situation where, unlike the situation here, the police had personally witnessed an assault and, with ample opportuinty to do so, failed to protect persons threatened, resulting in their injury.

In view of my construction of the Immunity Act under the facts of this case, I would also reverse the judgment of the circuit court.

The People of the State of Illinois, Plaintiff-Appellant, *v.* Albert Packer, Defendant-Appellee.

(Nos. 60355-61 cons.;

First District (3rd Division)—December 19, 1974.

PER CURIAM.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., Michael F. Baccash, and Alan L. Fulkerson, Assistant State's Attorneys, of counsel), for the People.

Sam Adam, of Chicago, for appellee.

JAMES J. RYAN, Plaintiff-Appellant, *v.* THE CITY OF CHICAGO *et al.*, Defendants-Appellees.

(No. 57626;

First District (4th Division)—December 20, 1974.